UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TARA A EDWARDS, ET AL                  CIVIL ACTION NO. 20-cv-0501

VERSUS                                 JUDGE ELIZABETH E. FOOTE

MATTHEW R BOATRIGHT, ET AL             MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

### Introduction

Tara and James Edwards, on behalf of their minor child, and Tara Edwards individually ("Plaintiffs") filed this civil action in state court to recover damages arising out of a motor vehicle accident. Defendants Pioneer Well Services ("Pioneer"), Travelers Property Casualty Company of America ("Travelers"), and Matthew Boatright removed the case on the basis of diversity jurisdiction, which puts the burden on them to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations in the notice of removal are sufficient as to the amount in controversy and the citizenship of Pioneer. Some other facts require clarification for the removing parties to satisfy their burden.

### Citizenship of the Parties

The notice of removal states that **Mr. Boatright** "resides in Hot Springs, Arkansas." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th

Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 451 (5th Cir. 2003). Defendants must file an amended notice of removal that specifically alleges Mr. Boatright's domicile.

The notice of removal also states that Plaintiffs "reside in Webster Parish, Louisiana." This allegation is insufficient to allege **Plaintiffs'** citizenship. Plaintiffs did allege in the state-court petition that they are domiciled in Louisiana but, for the sake of clarity of the record, the amended notice of removal should include an allegation of the Plaintiffs' domiciles. It is preferable to have all jurisdictional facts in one place so that any reviewing court does not have to search for them.

The notice of removal does not specify where the **minor child** is domiciled. "The legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332. Accordingly, the amended notice of removal must specifically allege the domicile of the minor child.

The notice of removal does not set forth any allegations as to **Travelers'** citizenship. The amended notice of removal must specifically allege Travelers' type of entity, such as a corporation, LLC, or other form of unincorporated entity. The notice of removal must also specifically allege Travelers' citizenship in accordance with the rules outlined in such cases as Shands v. State Farm Mutual Automobile Insurance Co., 2020 WL 402287 (W.D.

La. 2020) and <u>Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp</u>. 2018 WL 3551525 (W.D. La. 2018). The deadline for filing the amended notice of removal is **May 25, 2020**.

**Suggestion of Bankruptcy**

Pioneer filed a Suggestion of Bankruptcy (Doc. 6) in which it represents that the Pioneer entities filed a petition for Chapter 11 relief in the bankruptcy court for the Southern District of Texas, Case No. 20-31425.

Plaintiffs will be allowed until **June 22, 2020** to file either (1) a motion to dismiss the claims against the Pioneer entities without prejudice so that the claims may be pursued in the bankruptcy court or (2) a copy of a motion to lift stay filed in the bankruptcy court that seeks permission to pursue this action against Pioneer in this court. If Plaintiffs choose to pursue a motion to lift stay, they shall inform the court in writing of the status of the motion on the first business day of each month beginning **July 1, 2020**. Counsel for Plaintiffs may propose other alternatives to addressing the bankruptcy filing, but these are the two options ordinarily considered by parties in similar circumstances.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of May, 2020.

_____
Mark L. Hornsby
U.S. Magistrate Judge